UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anthony B. Nelson,

            Plaintiff,

-against-

Diane Argyropoulous et al.,

            Defendants.

1:18-cv-11413 (AT) (SDA)

**ORDER**
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2020

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

**I.    Plaintiff's Motion To Compel**

Before the Court is Plaintiff's motion to compel compliance with subpoenas to produce documents directed to JPS Petroleum d/b/a Sunoco at 4090 Boston Road, Bronx, NY 10475. (*See* Motion, ECF No. 79.) Plaintiff seeks documents regarding the names, addresses and telephone numbers of employees who worked at the gas station on September 18, 2017 from 6:00 to 9:00 p.m. (*See* 12/10/2019 Subpoena, ECF No. 79, at 10; 1/3/2020 Subpoena, ECF No. 79, at 12.)

Having reviewed Plaintiff's motion and the attached subpoenas, the Court finds that Plaintiff has not complied with the requirements of Federal Rule of Civil Procedure 45. As for the first subpoena, dated December 10, 2019, Plaintiff appears to have attempted to personally serve JPS Petroleum on December 16, 2019 by delivering a copy of the subpoena to an individual named Shaw, who Plaintiff asserts runs the day-to-day operations at the gas station. (*See* Proof of Service, dated Dec. 16, 2019, ECF No. 79, at 11.) However, Rule 45 requires service by a person "who is at least 18 years old and *not a party*. . .[.]" Fed. R. Civ. P. 45(b)(1) (emphasis added).

Moreover, it is not clear that Plaintiff served an authorized agent of JPS Petroleum. "When a subpoena is to be served on a corporation, . . . the concept of 'personal' service is somewhat obscured, because the entity is not a 'person' on whom service can be directly made." *Ferenczi v. City of New York*, No. 18-CV-03352 (FB) (SJB), 2019 WL 3842924, at *1 (E.D.N.Y. Aug. 14, 2019). "Accordingly, service of a subpoena on an artificial entity may be made by using the analogous method for service of process on that entity under Rule 4." *Id.* (citing 9A Moore's Federal Practice § 45.21 and cases). However, it is not clear that Shaw is authorized to accept service of process particularly when, according to Plaintiff, Shaw indicated that Plaintiff could not give him the subpoena. The Court also notes that, even if Shaw could accept service, the subpoenas are unclear as to the time and place of production as they seek production of documents at JPS Petroleum at an unspecified time between 9:00 a.m. and 5:00 p.m. across several days. (*See* 12/10/2019 Subpoena, ECF No. 79, at 10; 1/3/2020 Subpoena, ECF No. 79, at 12.)

Plaintiff also attempted to serve JPS Petroleum with a second subpoena in January 2020 via certified mail. (*See* Proof of Service, dated January 14, 2020, ECF No. 79, at 14.) Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person" but does not indicate "whether 'delivery' necessitates in-hand, personal service or envisions other methods of service." *Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*, No. 09-CV-02507 (RRM) (RER), 2010 WL 2346283, at *2 (E.D.N.Y. Apr. 21, 2010), *report and recommendation adopted*, 2010 WL 2346276 (E.D.N.Y. June 8, 2010). "Traditionally, district courts in [the Second] Circuit have interpreted Rule 45 to require personal service." *Kenyon v. Simon & Schuster, Inc.*, No. 16-mc-00327 (JFK), 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016); *see also* 9A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2454 (3d ed. 2009)

2

("longstanding interpretation" of Rule 45 requires personal service). However, courts have recently authorized alternative service that is "reasonably designed to ensure that a witness actually receives a subpoena[,]" *Kenyon*, 2016 WL 5930265, at *3 (citing cases), particularly when "the [serving party] diligently . . . attempted to effectuate personal service and presented proof that sufficient notice would be [given]." *Cadlerock Joint Venture*, 2010 WL 2346283, at *4 (internal citation omitted); *see also JPMorgan Chase Bank, N.A. v. IDW Grp.*, No. 08-cv-09116 (PGG), 2009 WL 1313259, at *2-3 (S.D.N.Y. May 11, 2009) (granting application for service of subpoena upon third party witness by certified mail).

Here, Plaintiff did not seek authorization for service by mail, but even assuming service by mail was proper, the subpoena suffers from the same lack of clarity in terms of compliance as the December 2019 subpoena and, in any event, must be served by a non-party. Before the Court will compel production, the Court must be satisfied that Defendants have been properly served.[1] Thus, Plaintiff's motion to compel is denied without prejudice. Nonetheless, a set forth below, the Court will direct issuance of a new subpoena to be served by the United States Marshals Service.

## II.     Service Of The Subpoena By The U.S. Marshals Service

Because the Court finds that the discovery sought by Plaintiff is relevant and proportional, and because Plaintiff is a *pro se* litigant and proceeding *in forma pauperis* (*see* ECF No. 4), the Court will direct the Clerk of Court to issue a new subpoena and will direct the United States Marshals Service to serve the subpoena by certified mail. *See, e.g., Verhow v. Hess*, No. 13-CV-

---

[1] The Court also notes that Plaintiff's motion to compel is deficient as he did not serve a copy on JPS Petroleum.

00012 (JJM), 2014 WL 297342, at *1 (W.D.N.Y. Jan. 27, 2014) (directing service of Rule 45 subpoena by U.S. Marshals Service); *see also* 28 U.S.C. § 1915(d). "Service by mail by the United States Marshals Service is a variation of service, and due to limited staff and budget constraints, certified mail is used for service by the United States Marshals Service on many pleadings because it provides a fair and economical means of serving process and has been found to comply with the Due Process Clause." *Smith v. Benson*, No. 08-cv-00485, 2011 WL 839736, at *1 (W.D.N.Y. Mar. 7, 2011) (citations omitted).

**III.     Conclusion**

For the foregoing reasons, Plaintiff's motion to compel is DENIED WITHOUT PREJUDICE and it is hereby ORDERED as follows:

1. The Clerk of Court is directed to complete a subpoena form (AO 88B (Rev. 12/13)) to JPS Petroleum Inc. commanding it to produce the following documents: "Documents sufficient to show the names, addresses and telephone numbers of employees who worked on September 18, 2017 between 6:00 p.m. and 9:00 p.m."[2] The place of production shall be Plaintiff's address: 12B Broun Street Apt. 12B, Bronx, NY, 10475, and the date and time of production shall be twenty-one (21) days from the date of service at 5:00 p.m.

2. The Clerk of Court is further instructed to complete a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for JPS Petroleum Inc. using the following address (the address listed on the New York Department of State website): 4090 Boston Road, Bronx, New York, 10475, and to deliver all necessary paperwork,

---

[2] Plaintiff is reminded that, as the requesting party, he may be required to pay the costs of production.

4

including a copy of the subpoena and this Order, to the Marshals Service to effect service by certified mail.

3. JPS Petroleum shall have fourteen (14) days from the date of service of the subpoena to move to quash or otherwise object to the subpoena.

4. Absent any motion to quash or objections, JPS Petroleum shall produce the information sought by Plaintiff within twenty-one (21) days of the date of service of the subpoena.

5. The deadline for the completion of discovery is extended until March 17, 2020 for the limited purpose of allowing Plaintiff to pursue the discovery that is the basis for the subpoena. Plaintiff shall file a letter regarding the status of any response to the subpoena within three (3) days of receiving a response, or on March 10, 2020, whichever is sooner.

The Clerk of Court is directed to mail a copy of this Order to the *pro se* Plaintiff. In addition, a copy of this Order will be emailed to Plaintiff by Chambers.

**SO ORDERED.**

DATED:   New York, New York
         February 14, 2020

_____
STEWART D. AARON
United States Magistrate Judge