USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY B. NELSON,

                  Plaintiff,

-against-

DIANE ARGYROPOULOUS, PHILIP ARGYROPOULOUS, CHRIS ORSARIS, ALEX LETTAS, VICTORY AUTO GROUP LLC, SPARTAN AUTO GROUP LLC, VICTORY MITSUBISHI, MITSUBISHI NORTH AMERICA,

                  Defendants.

18 Civ. 11413 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Anthony B. Nelson, alleges that he was subjected to harassment and discrimination on the basis of his race and age while working at a car dealership owned and operated by Defendants. Compl. at 2–5, 11–12, ECF No. 2. Before the Court is a motion to dismiss brought by one Defendant, Mitsubishi Motors North America, Inc. ("MMNA").[1] ECF No. 44. MMNA contends that Plaintiff's complaint does not contain allegations that show that it acted as his employer, and, therefore, that it cannot be liable for the discrimination Plaintiff experienced. MMNA Mem. at 1, ECF No. 44-1. The Court agrees. Accordingly, MMNA's motion is GRANTED.

## BACKGROUND

    The following facts are drawn from the complaint and attached documents, and accepted as true for purposes of the purposes of this motion. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) ("On a motion under Rule 12(b)(6) to dismiss a complaint for failure to state a claim, the only facts to be considered are those alleged in the complaint, and the court must

---

[1] MMNA was, apparently, incorrectly named in the complaint as "Mitsubishi North America." Compl. at 1; MMNA Mem. at 1.

accept them, drawing all reasonable inferences in the plaintiff's favor, in deciding whether the complaint alleges sufficient facts to survive."); *Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011) ("[I]t is well established that on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court may also rely upon documents attached to the complaint as exhibits and documents incorporated by reference in the complaint." (internal quotation marks, citation and alterations omitted)).

Plaintiff worked as a "certified product specialist" at Defendant Victory Auto Group ("Victory"), a car dealership in the Bronx, operated by Defendant Spartan Auto Group LLC. Compl. at 10, 11; *see* Dealership Agreement, ECF No. 44-4. Plaintiff is a 67-year-old black man. Compl. at 4. When referring to Plaintiff, his supervisor at Victory, Chris Orsaris, regularly used racial and age-based epithets, including "Uncle Ben" and "Bill Cosby." *Id* at 5, 9, 11. Another manager, Alex Lettas, who was also Chris Orsaris' cousin, referred to racial-minority customers using a racial slur. *Id.* at 5, 11.

At some point, another employee at Victory, who undermined Plaintiff's work by pulling him away from the sales floor at inopportune moments and paid him reduced commissions, physically struck Plaintiff. *Id.* at 5, 11. After that event the floor manager, Stavros Orsaris, told Plaintiff to go home for the day. *Id.* While Plaintiff was waiting for the bus, Chris Orsaris drove by, got out of his car, and shouted at Plaintiff, "Go home and get your gun. You're fired!" *Id.* at 5, 11–12.

In addition, Plaintiff alleges that Chris Orsaris and Alex Lettas "scamm[ed] [Plaintiff] and other sales personnel out of commission and reward monies from Mitsubishi, by changing [their] [S]ocial [S]ecurity numbers in the Mitsubishi Diamond Rewards database." *Id.* at 5.

On June 29, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunities Commission and the New York State Division of Human Rights describing these events. *Id.* at 11–12.

**DISCUSSION**

I.   Motion to Dismiss Standard

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions." *Twombly,* 550 U.S. at 555. Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* On a Rule 12(b)(6) motion, the court may consider only the complaint, documents attached to the complaint or incorporated in it by reference, matters of which a court can take judicial notice, or documents that the plaintiff knew about and relied upon in bringing the suit. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002). In employment discrimination actions, the court can generally consider the contents of the plaintiff's EEOC charge, because it is integral to (and attached to) the complaint. *See Buczakowski v. 1199SEIU*, No. 18 Civ. 0812, 2019 WL 5697899, at *5 (N.D.N.Y. Nov. 4, 2019) ("It is appropriate to consider the EEOC Charge on a motion to dismiss because it is a public record and Plaintiff relied on it in her Complaint by attaching her right-to-sue letter."). The court must accept the allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).

Where, as here, a plaintiff is proceeding *pro se*, the Court must "construe his complaint liberally and interpret it to raise the strongest arguments that it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks, citation, and alterations omitted). "Even in a *pro se* case, however, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court is "obligated to draw the most favorable inferences that [the] complaint supports," but it "cannot invent factual allegations that [the plaintiff] has not pled." *Id.*

II. Existence of an Employment Relationship

Plaintiff raises claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. Law §§ 290–297; and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101–8-131.

MMNA argues that the complaint does not contain facts sufficient to show that it had an employer-employee relationship with Plaintiff. A necessary element of a claim for employment discrimination is the existence of such a relationship. That threshold requirement exists under Title VII, the ADEA, and Section 1981. *See Gilani v. Hewlett-Packard Co.*, No. 15 Civ. 5609, 2018 WL 4374002, at *4 (S.D.N.Y. Sept. 12, 2018) ("Liability under either Title VII or the ADEA will only lie where there was an employer-employee relationship at the time of the alleged unlawful conduct.") (collecting cases); *Mira v. Kingston*, 715 F. App'x 28, 30 (2d Cir. 2017) ("Section 1981 protects against racial discrimination in *employment relationships*." (emphasis added)). An employment relationship is also a requirement under the NYSHRL and

4

the NYCHRL. *See Weerahandi v. Am. Statistical Ass'n*, No. 14 Civ. 7688, 2015 WL 5821634, at *7 (S.D.N.Y. Sept. 30, 2015) ("[T]he NYSHRL and the NYCHRL prohibit discriminatory conduct directed at current or prospective employees, and thus does not include bias directed at third parties not in an employment relationship with the allegedly offending employer." (internal quotation marks and citations omitted)).

Under "Title VII and other employment discrimination statutes," "the definitions of employee, employer, and employment are to be determined under the common law of agency." *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d Cir. 2008) (internal quotation marks and citation omitted). "[A] prerequisite to considering whether an individual is an employee under common-law agency principles is that the individual have been hired in the first instance." *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 372 (2d Cir. 2006) (internal quotation marks, citation, and alteration omitted). To answer that question, courts look "primarily to whether a plaintiff has received direct or indirect remuneration from the alleged employer." *Id.* (internal quotation marks, citation, and alteration omitted). "Where no financial benefit is obtained by the purported employee from the employer, no plausible employment relationship of any sort can be said to exist." *Id.* (internal quotation marks and citation omitted). If the prerequisite of hiring is shown, then the question of "[w]hether a hired person is an employee under the common law of agency depends on a fact-specific analysis of thirteen factors." *Salamon*, 514 F.3d at 226. Those factors are:

> [1] the hiring party's right to control the manner and means by which the product is accomplished[;] .... [2] the skill required; [3] the source of the instrumentalities and tools; [4] the location of the work; [5] the duration of the relationship between the parties; [6] whether the hiring party has the right to assign additional projects to the hired party; [7] the extent of the hired party's discretion over when and how long to work; [8] the method of payment; [9] the hired party's role in hiring and paying assistants; [10] whether the work is part of the regular business of the

hiring party; [11] whether the hiring party is in business; [12] the provision of employee benefits; [13] and the tax treatment of the hired party.

*Id.* at 227 (citation omitted). "[I]n anti-discrimination cases such as this one, courts should not ordinarily place extra weight on the benefits and tax treatment factors . . . and should instead place special weight on the extent to which the [defendant] controls the manner and means by which the worker completes her assigned tasks." *Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 117 (2d Cir. 2000).

MMNA contends that Plaintiff has not alleged facts that demonstrate either remuneration by MMNA, or MMNA's employer status under the thirteen-factor common law test. MMNA Mem. at 6–10. The question of remuneration is a close one. The complaint contains an allegation that Chris Orsaris and Alex Lettas "scamm[ed] [Plaintiff] and other sales personnel out of commission and reward monies from Mitsubishi." Compl. at 5. Construed liberally, this allegation can be read to support the inference that Plaintiff received at least some compensation from MMNA. And although MMNA asserts that "upon searching its Human Resource files," it "has no record of Plaintiff," MMNA Mem. at 7–8, the Court cannot consider that factual material outside the pleadings on this motion to dismiss. *See Global Network Commc'ns v. City of New York,* 458 F.3d 150, 154–55 (2d Cir. 2006).

The complaint contains no plausible allegations, however, that show that MMNA exercised control over Plaintiff's work, or that other common-law factors point to the existence of an employment relationship. It does not describe any action taken by MMNA towards Plaintiff, much less allege that MMNA gave Plaintiff "orders" or directed him as to "where to go and what to do." *Eisenberg*, 237 F.3d at 117 (internal quotation marks and alterations omitted). Because the complaint does not contain any facts that point towards an employment relationship

6

between Plaintiff and MMNA, the Court must dismiss Plaintiff's discrimination claims against MMNA.

Plaintiff's opposition to MMNA's motion to dismiss contains more detailed allegations respecting his relationship with MMNA, and argues that MMNA should be treated as a "joint employer" with the other Defendants, because they "have 'chosen to handle certain aspects of their employer-employee relationship jointly.'" Pl. Opp. at 3 (quoting *Clinton's Ditch Co-op Co. v. N.L.R.B.*, 778 F.2d 132, 137 (2d Cir. 1985)), ECF No. 50; *see generally id.* at 1–4, 10–11. He asserts that MMNA "provided training programs, online via training modules and at designated hotel sites, for sales and product specialists," and that after he participated in those modules he was "certified by [MMNA] . . . and remunerated by [MMNA]." *Id.* at 4. He further asserts that "Victory . . . sales and product specialists reported to and answered to [MMNA] via a Mitsubishi intranet website . . . set up to track the Mitsubishi vehicles sold by said sales and product specialists," and that MMNA determined dealers' locations and set sales goals. *Id.* Attached to his opposition are a number of documents that he says support the theory that MMNA and the other Defendants should be treated as joint employers. *See id.* at 21–38.

The Court must decide this motion based on facts alleged by Plaintiff in the complaint, not facts alleged in his brief. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."). And the Court may not consider documentary evidence outside the complaint. Looking to the complaint's allegations—

7

and only those allegations—the Court concludes that Plaintiff has not alleged facts showing the existence of an employment relationship between himself and MMNA.[2]

However, "[a] *pro se* complaint is to be read liberally," and the Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). It is possible that, in an amended complaint, Plaintiff could allege facts that would show that MMNA did provide remuneration and did control the manner and means of his work to such an extent that it constituted a joint employer with the other Defendants. For that reason, the Court must allow Plaintiff an opportunity to file an amended complaint.

Accordingly, MMNA's motion to dismiss Plaintiff's employment discrimination claims is GRANTED without prejudice to Plaintiff's filing an amended complaint.

---

[2] Plaintiff's Title VII and ADEA claims also likely contain a fatal flaw, because Plaintiff's EEOC charge made no mention of MMNA. *See* Compl. at 8–12. Under Title VII and the ADEA, an aggrieved person must file an EEOC charge against a party, and follow the requisite procedures, before bringing suit against that party. *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) (Title VII); *Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 562 (2d Cir. 2006), *aff'd*, 552 U.S. 389 (2008) (ADEA). Dismissing Plaintiff's claims on that ground, however, would also require the Court to determine whether he had met the requirements of the "identity of interest" exception to the charge requirement, which permits a plaintiff to proceed against a party not named in the EEOC charge "where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991). Because the Court has disposed of Plaintiff's claims on other grounds, it will not address that question.

## CONCLUSION

For the foregoing reasons, MMNA's motion to dismiss is GRANTED. Plaintiff may wish to proceed on his claims against the remaining Defendants only, or he may wish to amend his complaint in an effort to allege facts that could support a claim against MMNA. It is ORDERED that if Plaintiff wishes to file an amended complaint against MMNA, he must do so by **April 16, 2020.**

The Clerk of Court is directed to terminate the motion at ECF No. 44, and to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: March 16, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge