UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
**ANTHONY NELSON**

Plaintiff,

**18-CV-11413**
**(AT)(SDA)**

-vs-

**DIANE ARGYROPOULOUS, PHILIP ARGYROPOULOUS,**
**CHRIS ORSARIS, ALEX LETTAS, VICTORY AUTO GROUP LLC,**
**SPARTAN AUTO GROUP LLC, VICTORY MITSUBISHI**
**MITSUBISHI NORTH AMERICA**

Defendant.

-----------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Stephen D. Hans, Esq.
STEPHEN D. HANS & ASSOCIATES, P.C.
30-30 Northern Boulevard, Suite 401
Long Island City, New York 11101
Tel: 718.275.6700
*Attorney for the Defendants:*
Diane Argyropoulous, Philip Argyropoulous,
Chris Orsaris, Alex Lettas, Victory Auto Group LLC,
Spartan Auto Group LLC, Victory Mitsubishi

1

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT................................................Page 8

II.   STATEMENT OF UNDISPUTED FACTS................................Page 8

III.  APPLICABLE LEGAL STANDARDS....................................Page 9

IV.   ARGUMENT....................................................................Page 10

      A.  The Plaintiff has no private right of action
       for wire fraud or identity theft. ...................................Page 10

      B.  The claim of race and age discrimination should be
      dismissed pursuant to Title VII, ADEA, NYSHRL and
      NYCHRL..................................................................Page 11

      C.  The claim of race and age discrimination under
      42 U.S.C. 1981 should be dismissed under prevailing
      case law..................................................................Page 18

      D.  The claim of retaliation should be dismissed
      due to the absence of any protected activity and
      adverse employment action or constructive
      discharge.................................................................Page 19

      E.  The claim of hostile work environment should
      be dismissed under prevailing case law under
      Title VII, NYSHRL and NYCHRL..................................Page 22

      F.  An Order that in the event the Court dismisses all
      federal claims that the Court shall not exercise
      supplemental jurisdiction of any city and state
      claim......................................................................Page 25

V.    CONCLUSION................................................................Page 27

2

## TABLE OF AUTHORITIES

**Cases**

*Jeffreys v City of N.Y.*
426 F$_3$ 549 (2nd Cir 2005)...........................................................Page 9

*Williams v Smith*
781 F$_2$ 319 (2nd Cir 1986)..........................................................Page 9

*Vacold LLC v Cerami*
545 F$_3$ 114 (2nd Cir 2008)..........................................................Page 9

*Tolbert v Smith*
790 F$_3$ 427 (2nd Cir 2015)..........................................................Page 9

*Viola v Philips Med Sys of N.A.*
42 F$_3$ 712 (2nd Cir 1994)...........................................................Page 9

*Cherkova v Conn. Gen'l Life Ins. Co.*
92 F$_3$ 81 (2nd Cir 1996)............................................................Page 9

*Wiley v KirkPatrick*
801 F$_3$ 51 (2nd Cir 2015)..........................................................Page 10

*Vasile v Dean Witter Reynolds Inc.*
20 F$_3$ Supp 2nd 465 (EDNY 1998)................................................Page 10

*Thompson v Thompson*
484 US 174 108 S Ct. 513 (1988)..................................................Page 10

*Official Publication Inc. v Kable News Co*
884 F$_2$ 664 (2nd Cir 1989)........................................................Page 10

*Bologna v Allstate Ins.*
138 F$_3$ supp 2nd 310 (EDNY 2001)...............................................Page 11

*Carvel v Franchise Stores Realty Corp.*
No. 08-cv-8938, 2009 US Dist LEXIS 113410, 2009 WL 433652...........Page 11

*Hernandez v Doe*
U.S. Dist LEXIS 1268433(2016)...................................................Page 11,19

## TABLE OF AUTHORITIES Cont'd

*Senese v Hindle*
11 cv 0072, (2001) U.S. Dist LEXIS 116797…………………………………..Page 11

*McDonnell Douglas Corp v Green*
411 US 792, 93 S. Ct .1817 (1973)……………………….…………....Page 12,13,14
                                                                    16,19

*Feingold v N.Y.*
366 F$_3$ 138 (2004)………………………………………………….…Page 12

*Gross v FBL Fin. Services Inc.*
557 U.S. 167, 129.9 Ct 02343 (2009)………………………………….Page 13,14

*Gorynski v Jet Blue Airways Corp.*
596 F$_3$ 93 9 2nd Cir (2010)………………………………………….Page 14,16,24

*Abrahmson v Bd of Educ.*
374 F$_3$ 66, 71 (2nd Cir  2004)……………………………….…Page 16

*Brannigan v Bd of Education of Levittown Union Free School District*
18 AD 787, 796 NYS$_2$ 690 (2005)………………………………………Page 16

*Powell v Delta Airlines*
145 F Supp 3 189, 198-199 (EDNY 2015)……………………….....…Page 16

*Velazoo v Columbian Citizen*
778 F$_3$ 409, 410 (2nd Cir 2015)……………………………………....…Page 16

*Williams v NYC Hous. Auth*
61 AD$_3$ 62 872 NYS2 27 (1st Dist. 2009)…………………………………Page 17,24

*Mihalik v Credit Agricole Cheuvreux*
715 F$_3$ 102 (2nd Cir. 2013)……….…………….…………………....Page 17,24

*Burlington v Santa Fe Ry Co. v White*
548 US 53, 126 S. Ct 2405, 165 L. Ed. 2d 345 (2006)……….……………Page 18,22

### TABLE OF AUTHORITIES Cont'd

*Onicale v Sundowner Offshore Servs*
523 US 75, 80, 118 S. Ct. 998.................................................Page 18,23

*Reed v A.W. Lawrence & Co. Inc.*
95 F$_3$ 1170 (2nd Cir 1996).................................................Page 18

*Vivenzio v City of Syracuse*
661 F$_3$ 98 (2nd Cir 2010).................................................Page 19

*Jute v Hamilton Sanstrand Corp*
420 F$_3$ 166 (2nd Cir 2005).................................................Page 20,21

*McMenemy v City of Rochester*
241 F$_3$ 279 (2nd Cir 2001).................................................Page 20

*Malena v Victoria's Secret Direct LLC*
886 F Supp 2d 349 (SDNY 2012).................................................Page 21

*Farzan v. Wells Fargo Bank*
12 cv 1217, 2013 U.S. Dist 169 743, 2013 WL 62316165.....................Page 21

*Gachette v Metro N. High Bridge*
722 F App 17, 21 (2nd Cir 2018).................................................Page 21

*Caskey v Court of Ontario*
560 F App 57 (2nd Cir 2014).................................................Page 21

*Petrosino v Bell Atlantic*
385 F$_3$ 210 (2nd Cir 2004).................................................Page 21

*Castro v City of N.Y.*
324 F Supp 3 (EDNY 2014).................................................Page 22

*Lebovitz v NYCTA*
252 F$_3$ 179 188 (2nd Cir 2001).................................................Page 22, 23

*Faragher v City of Boca Raton*
524 U.S. 775, 788, 118 S Ct. 2275.................................................Page 22

*Putane v Clark*
508 F$_3$ 106, (2nd Cir 2007).................................................Page 18,23

## TABLE OF AUTHORITIES Cont'd

*Gregory v Daly*
243 F$_3$ 687 (2nd Cir 2001)......................................................Page 23

*Alfano v Costello*
294 F$_3$ 365(2nd Cir. 2002)......................................................Page 23

*Fincher v Depository Trust & Clearing Corp.*
604 F$_3$ 712 (2nd Cir 2010)......................................................Page 23

*Woodward v TWC Media Sols Inc.*
2011 U.S. Dist LEXIS 1536......................................................Page 24

*Int'l Healthcare Exchange v Global Healthcare Ex*
470 F. Supp 2nd (SDNY 2007)......................................................Page 24

*Rojas v Roman Catholic Diocese*
783 F. Supp 2nd 381 (2010)......................................................Page 24

*Forest v Jewish Guild for the Blind*
3 NY$_3$ 295, 786 NYS 2 382 (2004)......................................................Page 24

*Manaco v Stone*
WL 32984617 (EDNY 2002)......................................................Page 25

*Purgess v Sharrock*
33 F$_3$ 134 (2nd Cir 1994)......................................................Page 25

*United Mine Workers v Gibbs*
383 US 715, 726 (1966)......................................................Page 25

*Kolari v N.Y. Presbyterian Hosp*
455 F$_3$ 118,122 (2nd Cir 2006)......................................................Page 25

### Statues

FRCP 56......................................................Page 9

18 U.S.C. §1341;1343 ......................................................Page 10

18 U.S.C. §1028……………………………………………………………Page 11

29 U.S.C.§ 623 (a)(1)……………………………………………………Page 13

NYSHRL……………………………………………………………Page 16,17,18
19,21,22,24

NYCHRL……………………………………………………………Page 16,17,
21,22,24,

NY Exec Law §296 (1)(a)…………………………………………………Page 16

NYC Administrative Code 8-107 (1)(a)…………………………………..Page 17

42 U.S.C. §1981………………………………..…………………………Page 8,18,19

Defendants, by and through this counsel, respectfully submits this memorandum of law in support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking dismissal of Plaintiff, Anthony Nelson's (Nelson or Plaintiff) claims in its entirety.

## I.   PRELIMINARY STATEMENT

The Plaintiff filed a pro se Complaint, claiming violations of Title VII of the Civil Rights Act based upon age and race; violation of 42 USC §1981 based upon race; violation of the Age Discrimination in Employment Act of 1967; Retaliation; violation of NYS Human Rights Law; violation of NYC Human Rights Law.

For reasons discussed below, Plaintiff's Complaint should be dismissed in its entirety as a matter of law because Plaintiff has failed to establish a prima facie case of any discrimination or retaliation and more importantly as he never suffered any adverse employment action by his own admission nor did the Plaintiff engage in any protected activity. The Plaintiff has failed to articulate any violation of protected activity to support a claim of hostile work environment.

## II.   STATEMENT OF UNDISPUTED FACTS

For the purposes of this motion, Defendants respectfully refers the Court to the separate Statement of Undisputed Material Facts submitted pursuant to Local Civil Rule 56.1 and to the extent possible it has been referenced in this Memorandum.

8

## III.   APPLICABLE LEGAL STANDARD

It is insufficient to *"rely on conclusory allegation or unsubstantiated speculation to defeat a summary judgement motion," Jeffreys v City of N.Y.* 426 $F_3$ 549 (2nd Cir 2005)._When the moving party has documented particular facts in the record, the opposing party must set forth specific facts showing this is a genuine issue for trial, *Williams v Smith* 781 $F_2$ 319 (2nc Cir 1986)

Summary Judgment is appropriate when the evidence viewed in the light most favorable to the non-moving party shows *"that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," Vacold LLC v Cerami,* 545 $F_3$ 114 (2nd Cir 2008)

Pursuant to FRCP 56, a *"court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law,"* FRCP 56(a), see *Tolbert v Smith,* 790 $F_3$ 427 (2nd Cir, 2015).  In *Viola v Philips Med Sys of N.A.,* 42 F 3rd 712, (2nd Cir 1994) the Court held summary judgment appropriate only when admissible evidence in the form of Declarations, depositions, transcripts or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law.

In this case, the Defendants rely on the pleadings, but more importantly, the deposition of the Plaintiff.  No genuine factual issue exists when the moving party demonstrates on the basis of the pleadings and discovery evidence (deposition) and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the nonmovant's favor, *Cherkova v Conn. Gen'l Life Ins Co.,*

9

92 F$_3$ 81 (2nd Cir 1996).

However, although the evidence is viewed in favor of the non-moving party, the mere existence of a scintilla of evidence in support of the non-movant's position will be insufficient: there must be evidence on which the fact finder could reasonable find for the non-movant, *Wiley v KirkPatrick*, 801 F$_3$ 51 (2nd Cir 2015)

In this matter, Plaintiff concluded there were acts of discrimination and filed a pro se Complaint containing only conclusions (R.56.1. ¶8). Which are unsupported by facts or evidence.

## IV.    ARGUMENT

## A. The Plaintiff has no private right of action for wire fraud or identity theft

The Plaintiff asserts *"wire fraud and identity theft"* in his pro se Complaint as adverse actions taken against him by the Defendants (R. 56.1 ¶ 8). The Complaint fails to set forth any allegations, facts or claims of wire fraud and identity theft. Despite the absence of any facts by the Plaintiff, a private party may not bring an action for wire fraud or identity theft. It is a criminal statute and a private party may not make a claim under that statute. *Vasile v Dean Witter Reynolds Inc.* 20 F. Sup. 2nd 465 (EDNY 1998), Because the federal mail and wire fraud statutes do not create a private right of action, any cause of action or claim of wire fraud by the Plaintiff must be dismissed, *Thompson v Thompson*, 484 US 174, 108 S Ct.513 (1988).

Additionally, no private right of action exists under either 18 U.S.C. §1341 or U.S.C §1343, which are the relevant wire fraud statues. They are criminal statutes which do not provide a private right of action, *Official Publications Inc v Kable News Co.*, 884

$F_2$ 664, (2nd Cir 1989), *Bologna v Allstate Ins* 138 F. Supp 2nd 310 (EDNY 2001); *Carvel v Franchise Stores Realty Corp*, No 08-cv-8938, 2009 U.S. Dist. LEXIS 113410, 2009 WL 433652

The Plaintiff has alleged *"identity theft"* in the Complaint without any facts. As stated in *Hernandez v Doe,* 2016 U.S. Dist. LEXIS 1268433, there must be subject matter jurisdiction of any claim. It cannot be waived and raised by any party or by the Court and therefore this Court does not have subject matter jurisdiction of a claim labelled *identity theft.*

The *Hernandez* Court specifically noted that to the extent the Plaintiff seeks to make a claim under, 18 U.S.C. 1028, the federal courts have held that 18 U.S.C. 1028 is purely criminal in nature and creates no private right of action, see *Senese v Hindle,* 11 cv 0072, 2011 US Dist. LEXIS 116797.

## B. The claim of race and age discrimination should be dismissed based upon the facts, pleasing and pursuant to Title VII, ADEA, NYSHRL, NYCHRL

The Plaintiff's claims of discrimination is based upon race and age (R.56.1 ¶ 8). The race claim is based upon comments toward him that he was called *Bill Cosby and/or Uncle Ben* (R.56.1¶ 12). No other race comment was ever alleged to have been uttered by the Defendants. The Defendant testified that his age discrimination case was based upon being called *Bill Cosby and Uncle Ben* (R 56.1, ¶17) and an ambiguous comment about an older stripper. When questioned on the age claim, the Plaintiff added that when an older stripper came into the store, there was a remark made, *what would an old guy like you do her without a raincoat* (R.56.1, ¶ 16)

11

Under the burden shifting framework set forth in *McDonnell Douglas Corp. v Green,* 411 US 792, 93 S.Ct. 1817 (1973) the Plaintiff must first make out a prima facie case of discrimination by showing (1) he belonged to a protected class, (2) he was qualified for the position, (3) that he suffered an adverse employment action and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminating intent, *Feingold v N.Y.* 366 F$_3$ 138 (2004)

The Plaintiff's Age Discrimination in Employment Act (ADEA) claim falls short of setting forth a prima facie case of age discrimination and furthermore said claim is totally unsupported by any allegations, evidence or documents in either the EEOC Charge or the Complaint (R 56.1 ¶8 and 9).  The Plaintiff race claim falls short of setting forth prima facie case because there was no adverse employment action.

The Plaintiff offered no other evidence of age discrimination other than the reference to Bill Cosby and/or Uncle Ben, and he was directly asked whether he had any other evidence of age discrimination and he responded he did not, (R.56.1 ¶ 19 and 20)

The age and race comment that support the Plaintiff's cause of action were uttered by two individuals, Chris Orsaris and Alex Lettas and no one else (R 56.1, ¶ 22).  The Plaintiff did not testify to any further comments supporting this claim. The Plaintiff's EEOC Charge failed to set forth any facts supporting an age claim, despite the fact that he appeared before the EEOC personally on two occasions. (R.56.1 ¶ 6)

In conclusion, the Plaintiff claims the age discrimination claim is supported by the fact that he believes Bill Cosby and Uncle Ben are older individuals and thereby subjectively he determined it supports an age discrimination claim (R 56.1. ¶ 18).  His only other reference to was an unidentified comment in 2017 (R.56.1. ¶ 19)

Regarding the prima facie case of race discrimination, the Plaintiff never sustained any adverse employment action by his own admission as required under the *McDonnell Douglas supra,* burden of proof established law. The race comments consisted of the singular usage of *"Uncle Ben or Bill Cosby."* (R56.1, ¶17). There was no adverse action because the Plaintiff's employment ended due to his unilateral abandonment because he was *"fed up"* (R 56.1, ¶45). There were no compensation issues that were based or connected to his race or age complaint (R 56.1, ¶25) and his performance was exceptional (R 56.1, ¶34). He thought the race comment was only *"disrespectful"* (R 56.1, ¶21) and no other racial epithet was used. (R 56.1., ¶22)

Essentially the alleged racial comment of him being called Bill Cosby or Uncle Ben is the sole reference of race discrimination (R 56.1, ¶11). No other conduct or words of racial discrimination were testified to by the Plaintiff. (R 56.1, ¶11). No adverse action was ever taken by the Defendants towards the Plaintiff, and thus, the Plaintiff has failed to set forth a prima face case for race discrimination. As for the Plaintiff's age discrimination claim, the ADEA provides in part;

> *" It is unlawful for an employee… to discharge any individual or*
> *otherwise discriminate against any individual with respect to his*
> *compensation, terms, conditions or privilege of employment because of*
> *such individuals age, 29 U.S.C§ 623(a)(1)"*

The question is whether the Plaintiff met his burden of proving that *age was the but for cause of the claim set forth, Gross v FBL Fin. Services Inc.* 557 U.S. 167,(2009) which held that under the ADEA, a Plaintiff cannot establish disparate treatment of proving that age was only simply a motivating factor in the adverse decision. In this case,

there was never an adverse action taken against the Plaintiff.

In the absence of direct evidence of discrimination, claims of age discrimination based upon age as analyzed under the three-step burden shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v Green* 411 US. 792, 93 S. Ct. 1817 (1973) and as set forth in *Gorynski v Jet Blue Airways Corp,* 596 F3 93 9 2ⁿᵈ Cir (2010), are very difficult in the absence of some adverse employment action. The Supreme Court's decision in *Gross supra* did not disturb the *McDonnell Douglas supra* burden shifting framework for ADEA cases that have been consistently employed in the Second Circuit.

A Plaintiff must still establish a prima facie case of age discrimination by showing the (1) he is a member of a protected class and (2) he performed his job satisfactorily. The Defendants does not challenge (1) and (2). It's the third prong that is an issue for the Plaintiff, to wit; he never suffered any adverse employment action.

The Plaintiff testified that he had altercation with one individual, the Defendant, Chris Orsaris. He claimed he was fired because of that altercation and not for any age-related or race comments. (R 56.1, ¶38)

There was an alleged assault on the Defendant's premises involving the Plaintiff in September 2017 with a co-worker named Manny. (R 56.1, ¶36). Following the altercation on the Defendants premises with Manny, the Plaintiff left the premises and walked across the street to the Sunoco station to catch a bus. (R 56.1, ¶37). The Plaintiff alleges, Defendant, Chris Orsaris pulled up in his car and told the Plaintiff to *"go home and get your gun-you're fired."* The Plaintiff believed he was fired at that time. (R 56.1, ¶38)

The Plaintiff never produced any witness statements or testimony to support that allegation. As a result of that incident, the Plaintiff unilaterally decided to remain out of work for approximately a month. The Plaintiff returned one month later because the Defendant, Chris Orsaris called him and asked him to come back to work. He agreed to return and actually did return. (R 56.1, ¶39).

Essentially, the Plaintiff testified he was fired over an argument with Chris Orsaris, but re-hired and returned because he was asked to by Mr. Orsaris. (R 56.1, ¶40). Despite an alleged altercation with Chris Orsaris at the Sunoco Station where the Defendant allegedly told the Plaintiff to get his gun, the Plaintiff did not describe it as a fearful incident nor was he afraid (R 56.1, ¶41).

The Plaintiff testified he went back to work because be needed to get recertified and he believed everyone would *"cool down"* and everyone would *"realize they are acting stupid and start acting like grownups."* (R 56.1, ¶42).

The Plaintiff seemed confused as to whether he was terminated and could not reconcile whether he was terminated. (R 56.1, ¶46). When asked if his employment ceased, he answered affirmatively because of a decision **he made and not by the Defendants.** (R.56.1, ¶45, ¶46)

He believed the alleged racial or age remarks were starting up again so he unilaterally quit his employment and did not tell any of his superiors of the decision. (R 56.1, ¶47). At the time of his departure, the Plaintiff became aware of a garnishment that was about to be effective at the time of his abandonment of the job which the Plaintiff knew about and was alerted to at that time. (R 56.1, ¶48)

Regarding his claims of race and age discrimination under NYSHRL and

NYCHRL the Defendants submit the claim under city and state law should be dismissed. The NYSHRL provides in part;

> *It shall be an unlawful discriminatory practice for an*
> *employer...because of an individual's age, race...national*
> *origin or sex to discharge from employment such individual*
> *or to discriminate against such individual in compensation*
> *or in terms, condition or privilege of employment*
> *NY, Exec. Law §296 (1) (a)*

Claims of age discrimination under the NYSHRL are analyzed under the same standard as discrimination claims brought under the ADEA, *Abrahmson v Bd of Educ,* 374 F$_3$ 66, 71 (2nd Cir 2004). Since the NYSHRL mirror the requirements of the ADEA, violation of one necessarily implies violation of the other *Brannigan v Bd. Of Education of Levittown Union Free School District,* 18 AD 787, 796 NYS$_2$ 690 (2005)

The elements of an age discrimination claim under the New York State Human Rights and the ADEA are essentially the same and the Courts apply the same standards for analyzing age discrimination claims under both the NYSHRL and the ADEA. They are subject to the three stage *McDonnell Douglas supra* burden shifting framework *Gorzynski v Jet Blue,* 596 F$_3$ 93, 106 (2nd Cir 2010); *Powell v Delta Airlines,* 145 F Supp 3 189, 198-199 (EDNY 2015).

When the district courts exercise pendant jurisdiction over NYCHRL claims, they are required to use a different standard from that used in federal and state law claims, *Velazoo v Columbian Citizen* 778 F$_3$ 409, 410 (2nd Cir 2015).

Under the NYCHRL *the federal severe and pervasive standard gives way to a rule by which liability is normally determined simply by the existence of differential treatment based upon age, Williams v NYC House. Auth,* 61 AD 3 62 872 NYS 2 27 (1st Dept. 2009). Here clearly there was no differential treatment of the Plaintiff, and he admits as much in the Complaint (R.56.1 ¶8).

A Plaintiff need only demonstrate by a preponderance of the evidence that there has been treatment less favorable to him than other employees because of age or race, *Williams supra.* The Plaintiff would be unable to make out a prima facie case of age discrimination under the NYCHRL because he never testified nor pled he was treated less than other employees because of his age (R.56.1 ¶8).

Courts reviewing such claims *"must consider the totality of the circumstances and even a single comment may be actionable in the proper context," Mihalik v Credit Agricole Cheuvreux, NA Inc.* 715 F.3d 102(2d Cir. 2013). However, the Second Circuit has cautioned that the NYCHRL is not a general civility code, as the Plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive, Id at 110.113. Thus, a Defendant is not liable if the Plaintiff fails to prove the conduct is caused at least in part by discriminatory or retaliatory motive Id at 113.

The Plaintiff has not produced sufficient evidence for a jury to reasonably conclude that the Defendant's conduct was motivated even in part by discriminatory or retaliatory intent. Given the fact that over three quarters of personnel of the Defendants are black, (R 56.1, ¶ 13) the mere calling the Plaintiff Bill Cosby or Uncle Ben would not on it face seem discriminatory or retaliatory, even if it did occur which the Defendants dispute.

17

The Defendants are not suggesting that a reference to Bill Cosby or Uncle Ben is perfectly reasonable and ordinary.  However, that comment alone does not make out a race discrimination claim because it was not severe and pervasive, *Putane v. Clarke,* 508 F₃ 106 (2ⁿᵈ Cir 2007)

Title VII *"does not set forth"* a *"general civility code for the American workplace" Burlington N & Santa Fe Ry Co. v White*, 548 US 53, 126 S. Ct 2405, 165 L. Ed. 2d 345 (2006) nor does Title VII prohibit *"genuine by innocuous difference in the ways men and women routinely interact with member of the same sex and of the opposite sex," Oncale v Sundowner Offshore Servs,* 523 U.S. 75, 80, 118 S. Ct. 998.

## C. The claim of race and age discrimination under 42 U.S.C. § 1981 should be dismissed under prevailing case law

The Plaintiff claims there was discrimination based on 42 U.S.C. §1981.  There are no facts or evidence referred to in the Complaint supporting a claim under that statute (R.56.1 ¶ 8) The Second Circuit has stated that *"most of the core substantive standards that apply to claims of discriminatory conduct in violation of Title VII are also applicable to the claims of discrimination in employment in violation of Sec 1981 or the Equal Protection Clause, Hernandez supra,* citing *Reed v A.W. Lawrence & Co. Inc.,* 95 F₃ 1170 (2ⁿᵈ Cir 1996)

In essence, the Plaintiff's claims of discrimination under the burden shifting test of Title VII are applicable to a 42 U.S.C. §1981.  The Plaintiff has not stated any claim specifically under 42 U.S.C. §1981 that is any different from the claim he set forth under Title VII and the New York State and City Law.

The substantive standards applicable to claims of employment discrimination

under Title VII are generally applicable to employment discrimination brought under 42

U.S.C. Sec. §1981, and the NYSHRL, *Vivenzio v City of Syracuse,* 611 F3 98 (2nd Cir

2010)

Hence under Sec 1981, the Plaintiff would be required to make out a prima facie

case under *McDonnell Douglas supra* burden shifting requirements.

Given there was no adverse actions by the Defendants toward the Plaintiff since

he voluntarily quit the job because he was *"fed up."* (R.56.1 ¶ 45), there can be no

violation of 42 USC §1981 and this cause of action should be dismissed.


## D. Claim of retaliation must be dismissed due to absence of any protected activity, and no adverse employment action

The Plaintiff made a unilateral decision to abandon his job and never return.  He

claims he was *"fed up"* with the comments by Chris Orsaris.  There was no other reason

for his departure (R.56.1 ¶ 45).  He was never fired and instead decided alleged racial

and age remarks were too much and just walked away from the job without telling his

superiors, (R.56.1 ¶ 45)

The Plaintiff never complained or communicated any complaint of disparaging

treatment, based on race, or age with any superior at any time in his employment nor to a

lawyer or governmental agency (R. 56.1, ¶ 27,28).

The Plaintiff believed that any retaliation he endured was essentially harassment

and insults in front of customers which he could not expand upon (R. 56.1 ¶ 28)

He was further asked if he had any evidence that something bad would have

happened if he brought any information of discrimination to anyone's attention.  He

responded that he could not answer that question, nor did he have any evidence of any possible retaliatory action. (R.56.1 ¶ 31)

Under federal Law, retaliation claims under Title VII are evaluated under a three-step burden-shifting analysis, *Jute v Hamilton Sandstrand Corp*, 420 F3 166 (2nd Cir 2005). First, the Plaintiff must establish a prima facie case of retaliation by showing;

    1.  Participation in a protected activity

    2.  That the Defendants knew of the protected activity

    3.  An adverse employment action occurred to the Plaintiff

    4.  A causal connection between the protected activity and the adverse employment action. *Jute supra*, at 173; quoting *McMenemy v City of Rochester*, 241 F 3rd 279 (2nd Cir 2001)

The Plaintiff was never engaged in any "protected activity." He never alleged nor testified that anything adverse occurred as a result of his employment. Moreover, the Plaintiff admitted that he voluntarily abandoned the job, because he was *"fed up"*, or disclosed any employment issues.

He never complained to any superior despite the fact that he could have done so. (R.56.1 ¶20,26)

The Complaint and the EEOC Charge never contained any facts of retaliation that would support such a claim. There was never any allegations that the Defendants knew of any protected activity which is required under *Jute*.

As for the fourth prong, there could not be a causal connection between the protected activity and the adverse employment action since there was no protected activity involved and no adverse employment action. It is well settled that a Complaint

by an employee must in some way allege unlawful discrimination or protected activity, *Malena v Victoria's Secret Direct LLC,* 886 F Supp 2d 349 (SDNY 2012). The Defendant was never on notice of any wrong or complaint.

Dismissal of a retaliation claim under NYSHRL and NYCHRL would also be proper herein under those circumstances, *Farzan v Wells Fargo Bank,* 12 cv 1217, 2013 U.S. Dist 169 743, 2013 WL 6231615.

To prevail on a retaliation claim under the NYCHRL, the Plaintiff must show that they opposed discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action, *Gachette v Metro N. High Bridge,* 722 F. App 17, 21 (2nd Cir 2018). In this case, the employer never reacted because there was no complaint. There were no motivating factors nor any action by the Defendants because (a) he walked away from the job and (b) he never voiced any complaints nor informed anyone of any protected activity or problem on the job.

## CONSTRUCTIVE DISCHARGE

The Plaintiff claims he was constructively discharged (R 56.1 ¶45). A constructive discharge occurs when the employer rather that acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation., *Caskey V Court of Ontario,* 560 F App 'x 57 (2nd Cir 2014). Case law generally focuses on two parts; the employee's intentional conduct and the intolerable level of work conditions, *Petrosino v Bell Atlantic* 385 F$_3$ 210 (2nd Cir 2004).

A Plaintiff must show that an employer acted deliberately in bringing about intolerable work conditions and when assessed objectively, that a reasonable person in

the employee's position would have felt compelled to resign, *Castro v City of N.Y,* 324 F

Supp.3 (EDNY 2014.)  The action of the employer shall be judged from the perspective

of a reasonable person in the Plaintiff's position considering all the circumstances,

*Burlington N. & Santa Fe Ry Co v White,* 548 US 53, 126 S. Ct 2405, 165 L. Ed. 2d 345

(2006).

### E. The Claim of hostile work environment should be dismissed under prevailing case law under Title VII, NYSHRL and NYCHRL

The Plaintiff unequivocally testified that two individuals, Chris Orsaris and Alex

Lettas referred to him as Bill Cosby and/or Uncle Ben.  There were no other hostile work

comments by the Defendant set forth in the Plaintiff's EEOC Charge and Complaint. (R.

56.1,¶7,8)

Admittedly, the Plaintiff testified that 78% of all the Defendant employees are

Black. (R 56.1, ¶ 13) Additionally, the Plaintiff testified there were no other racial

comments except the reference to Bill Cosby and/or Uncle Ben (R. 56.1, ¶ 22).  The

Plaintiff testified that his hostile work environment claim is based on rudeness, profanity

and jokes and a statement by the Defendant alleging that he told the Plaintiff to go home

and get his gun. (R 56.1, ¶ 49,51)

Remarks in the workplace may be abusive, carnal, profane, vulgar and insensitive and

ever sporadic gender related jobs and it would not qualify as an hostile work

environment, *Oncale,* 523 US at 81; *Lebovitz v NYCTA,* 252 F3 179 (2nd Cir 2001);

*Faragher v City of Boca Raton,* 524 U.S.. 775, 788, 118 S Ct. 2275.

Moreover, the Plaintiff could not establish an acrimonious relationship with Mr.

Orsaris.   Mr. Orsaris bought him lunch and they continued to work with each other every

day.  Without any incident other than the Sunoco incident.  Mr. Osaris called him to

come back after that. (R 56.1, ¶39)

To sufficiently plead a hostile work environment claim, a Plaintiff must "show

that the complained conduct (1) is objectively severe or pervasive, that is, creates an

environment that a reasonable person would find hostile or abusive; (2) creates an

environment that the Plaintiff subjectively perceives as hostile or abusive and (3) creates

such an environment because of the Plaintiff's protected class, *Putane v Clark,* 508 $F_3$

106, (2nd Cir, 2007), quoting *Gregory v Daly*, 243 $F_3$ 687 (2nd Cir 2001)

A Plaintiff must show that the *workplace was so severely permeated with*

*discriminatory intimidation, ridicule and insult that the terms and conditions of his*

*employment were thereby altered, Alfano v. Costello*, 294 F.3d 365(2d Cir. 2002)   The

Plaintiff must show more than a few isolated incidents although a *hostile work*

*environment can also be established through evidence of a single incident of harassment*

*that is extraordinarily severe, Fincher v Depository Trust & Clearing Corp.,* 604 $F_3$ 712

(2nd Cir 2010) *Liebovitz v Transit Authority*, 252 $F_3$ 179, 188 (2nd Cir 2001).

To decide whether the threshold has been reached, courts examine the case-

specific circumstances in their totality and evaluate the severity, frequency and degree of

the abuse, *Alfano* 294 F.3d 365(2d Cir. 2002). The *Alfano supra* court noted examination

of whether it is physically threatening or humiliation or is it a mere offensive utterance

and whether it unreasonably interferes with an employees' work performance.

The Plaintiff herein, cannot prove nor did he testify that the workplace was so

severely permeated with discriminatory intimidation, ridicule and insult that the terms

and conditions of employment were altered.

In analyzing a hostile work environment claim, the Court must assess the totality of the circumstances considering, a variety of factors, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, *Liebovtiz supra.*

The question is whether a mere offensive utterance unreasonably interferes with an employee's work performance, *Grozynski v Jet Blue Airways Corp,* 596 F 3 93, 102 (2nd Cir 2010) and qualifies as a hostile work environment.

The NYCHRL standard for evaluating hostile work environment claims is more permissive in that the offensive conduct need not be *"severe or pervasive." Williams v NYC Housing Auth,* 61 AD$_3$ 62. The NYCHRL is not a general civility code, *Mihalik v Credit Agricole Cheuvreux, NA Inc.,* 715 F.3d 102(2d Cir. 2013), quoting *Williams* 872 NYS$_2$ at 40, that when the conduct alleged is far from borderline violation of the NYSHRL, then the Plaintiff has failed to state a claim under the NYCHRL, *Woodward v TWC Media Sols Inc.* 2011 U.S. Dist. LEXIS 1536.

Under the NYCHRL, the Courts have applied a stricter standard from Title VII with regard to the imputation of liability to the employer, *Int'l Healthcare Exchange v Global Healthcare Ex.,* 470 F. Supp 2nd 345 (SDNY 2007).

In this case, the employer never knew of the alleged statements by Mr. Orsaris nor acquiesced nor should he have known and as such the Defendants should not be liable under the NYCHRL, *Rojas v Roman Catholic Diocese ,* 783 F Supp 2nd 381 (2010)

The NYSHRL applies a stricter standard that liability for another employee's discrimination acts and it may both be imputed to an employer unless the employer

became a part of it encouraging it , condoning or approving it , *Forest v Jewish Guild for the Blind,* 3 NY$_3$ 295, 786 NYS 2 382 (2004) That standard is not met in this case because the employer never knew about it. or condoned it.  Under Executive Law 296, an employer cannot be held liable for an employee's discriminating act ules the employer became a party to it by encouraging, condoning, or approving it.  It is only after an employer knows or should have known of improper discriminating conduct that it can undertake or fail to undertake action which may be construed as condoning the improper conduct, *Forest v Jewish Guild*, 3 NY 3rd  295, 786 NYS 1nd 382(2004)

### F. An Order that in the event the Court dismisses all federal claims the Court shall not exercise supplemental jurisdiction of any city and state claims

The federal courts have decided not to exercise jurisdiction  in state law claims, where the Court the dismissed the federal law claims because there was no reason to depart from the general  rule that where the federal claim are dismissed before trial, the state claims should be dismissed as well, *Purgess v Sharrock,* 33 F$_3$ 134 (2nd Cir 1994), *Manaco v Stone,* WL 32984617 (EDNY 2002).  As stated in *United Mine Workers v Gibbs*, 383 US 715, 726 (1966) needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure footed reading of applicable law.

The tradition values of judicial economy, convenience, fairness and comity weigh in favor of declining to exercise supplemental jurisdiction where all federal claims are eliminated before trial, *Kolari v N.Y. Presbyterian Hosp*, 455 F$_3$ 118, 122 (2nd Cir 2006)

## AMENDED COMPLAINT

The Plaintiff filed an Amended Complaint which was filed in August 2020 (R.56.1, ¶40). That Complaint contained many collateral, specious and insulting statements about the Defendants and counsel but the Plaintiff failed to add new information, facts or claims to the Complaint previously filed herein. The Plaintiff testified that his Amended Complaint is nothing more than a *clarification* of his first Complaint and no new racial or age discrimination issues were raised in that pleading. (R.56.1, ¶41,42).

Interestingly, he did testify that Mr. Orsaris was highly emotional and jumped out of his car at the gas station near the employer and told the Plaintiff to go and get his gun but Mr. Orsaris never said anything about race or age which the Plaintiff allegedly accused him of regularly engaging in while he was employed (R.56.1, ¶ 33).

The Amended Complaint is essentially the Plaintiff's opinion of Mr. Orsaris and counsel and he believes it to be nothing more than a clarification. For the first time in this action, he agreed to supply a list of individuals who could support his claims. (R 56.1¶52). However, prior to and subsequent to the close of Discovery, the Plaintiff never produced or disclosed or otherwise informed the Defendant or counsel of the individuals which he testified to on September 18, 2020 in a deposition. The Plaintiff never requested a statement or deposition of any of these witnesses while he was represented by Millbank, NYLAG or while pro se.

## CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment

should be granted in its entirety, and Plaintiff's Complaint dismissed.


Dated: November 11, 2020
Long Island City, NY

By:    /s/ Stephen D. Hans
      Stephen D. Hans (SH-0798)
      30-30 Northern Boulevard, Suite 401
      Long Island City, New York 11101
      Tel: 718.275.6700
      Email: shans@hansassociates.com
      *Attorneys for the Defendant*