UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY B. NELSON,

        Plaintiff,

-against-

DIANE ARGYROPOULOUS, PHILIP ARGYROPOULOUS, CHRIS ORSARIS, ALEX LETTAS, VICTORY AUTO GROUP LLC, SPARTAN AUTO GROUP LLC, VICTORY MITSUBISHI, MITSUBISHI NORTH AMERICA

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/24/2021

18 Civ. 11413 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Anthony B. Nelson, brings this employment discrimination action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–97, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101–8-131, against Defendants Diane Argyropoulous, Philip Argyropoulous, Chris Orsaris, Alex Lettas, Victory Auto Group LLC, Spartan Auto Group L, Victory Mitsubishi, and Mitsubishi Motors North America ("MMNA").  Am. Compl., ECF No. 101-1.  On October 14, 2020, MMNA moved to dismiss the amended complaint for failure to state a claim.  ECF No. 122.  On October 16, 2020, the Court referred the matter to the Honorable Stewart D. Aaron for a report and recommendation.  ECF No. 124.  Before the Court is his Report and Recommendation (the "R&R"), which recommends that the Court grant MMNA's motion to dismiss.  ECF No. 146.  Plaintiff filed objections to the R&R, Pl. Obj., ECF No. 148, and MMNA filed a response,

which also notes an objection, MMNA Opp'n. at 5 n.4, ECF No. 151.[1]  For the reasons stated below, the Court ADOPTS the R&R in its entirety.

## BACKGROUND[2]

Plaintiff, Anthony B. Nelson, is a former employee at Victory Mitsubishi ("Victory"), a car dealership in the Bronx.  Am. Compl. at 2 ¶ 1; ECF No. 101 at 22.  During his employment, he was subjected to a variety of race- and age-related slurs by other Victory employees, was undermined by Victory employees, and was, at one point, physically struck by an individual.  Am. Compl. at 1, ¶¶ 3–5, 7–8; Compl. at 5, 11, ECF No. 2.  He was then abruptly fired.  Am. Compl. ¶ 9.  Plaintiff alleges that he was subject to a hostile work environment and suffered various adverse employment actions, including termination, based on his race and age.  *Id*. at 2.  On June 29, 2018, he filed a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC Charge").  ECF No. 2 at 11.

Relevant to this motion, Plaintiff alleges that MMNA exercised control over its franchisee Victory's daily operations, by, for example, requiring training courses and paying salespeople through the Diamond Rewards program, which awarded salespeople a payment for every MMNA vehicle sold.  Am. Compl. at 6–8.

---

[1] On August 5, 2021, Plaintiff filed a letter reiterating his objections to the R&R and adducing additional evidence regarding his objections.  ECF No. 158.  Plaintiff does not present new arguments, and simply sets forth additional evidence gained in discovery supporting his claims.  *Id.*  Because the Court cannot consider evidence outside the complaint on a motion to dismiss, the Court cannot take these extrinsic materials into account.  *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

[2] The Court presumes familiarity with the facts and procedural history, which are set forth in the R&R, and, therefore, only briefly summarizes them here.  *See* R&R at 2–4. The facts are taken from the amended complaint, the complaint, which is incorporated into the amended complaint, Am. Compl. at 1, ECF No. 101-1, and the R&R.

## DISCUSSION

I. <u>Legal Standard</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bur. of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).

II.     Plaintiff's Objections

Judge Aaron recommends that the Court grant MMNA's motion to dismiss. R&R at 1. Plaintiff objects to certain portions of the background section of the R&R, and the recommendation to dismiss based both on exhaustion and a failure to establish an employer/employee relationship between MMNA and Plaintiff. Pl. Obj.

A.    Factual Findings

Plaintiff objects to the factual portion of the R&R, arguing that it inaccurately: (1) stated that Victory employees pulled Plaintiff away from the sales floor at "inopportune" moments, whereas Plaintiff claims he was permanently taken off the sales floor; (2) stated that the individual who struck Plaintiff was an employee at Victory, whereas Plaintiff claims that this individual was a "finance manager" employed at another Mitsubishi location; (3) omitted that certain Victory employees prevented Plaintiff from accessing the MMNA website on desktop computers; and (4) omitted that Defendants failed to properly respond to Plaintiff's interrogatories. Pl. Obj. at 2–3; R&R at 2–3. Judge Aaron did not rely on any of these facts in his legal analysis, and thus the objections are immaterial.[3] *See Bryant v. Silverman*, No. 15 Civ. 8427, 2019 WL 4194495, at *1 (S.D.N.Y. Sept. 3, 2019); *Watson v. Geithner*, No. 11 Civ. 9527, 2013 WL 5441748, at *7 (S.D.N.Y. Sept. 27, 2013).

B.    Exhaustion

Judge Aaron recommends that Plaintiff's Title VII and ADEA claims should be

---

[3] The Court notes that Plaintiff did specify in the amended complaint that the individual who struck him was a "finance manager named Manny who was a previous troublemaker in their other store," Am. Compl. ¶ 8, rather than, as described in the Court's March 16, 2020 Order, quoted in the R&R, a "another employee at Victory," R&R at 2 (quoting *Nelson v. Argyropoulous*, No. 18 Civ. 11413, 2020 WL 1244295, at *1 (S.D.N.Y. Mar. 16, 2020)). However, the amended complaint's statement does not contradict the complaint and the EEOC Charge, incorporated into the amended complaint by reference, Am. Compl. at 1, that Manny was a "employee," Compl. ¶ IV.B., and a "co-worker," EEOC Charge, ECF No. 2 at 11–12.

4

dismissed because Plaintiff did not name MMNA in the EEOC Charge and, therefore, failed to exhaust his remedies against MMNA, depriving this Court of subject matter jurisdiction. R&R at 5–10. Plaintiff first appears to object that Judge Aaron did not allow him sufficient leniency due to his *pro se* status. Pl. Obj. at 4–5. This vague objection is reviewed for clear error, and the Court finds none. *Wallace*, 2014 WL 2854631, at *1. Judge Aaron noted the leniency due to *pro se* plaintiffs, R&R at 4 n.7, 5, 6, and Plaintiff's *pro se* status does not exempt him from the exhaustion requirements, *see Ayala v. U.S. Postal Serv.*, No. 15 Civ. 4919, 2017 WL 1234028, at *4–5 (S.D.N.Y. Mar. 31, 2017) (applying the exhaustion analysis to a *pro se* plaintiff's failure to name a party in her EEOC complaint), *aff'd*, 727 F. App'x 15 (2d Cir. 2018).

Next, Plaintiff appears to object to Judge Aaron's mentioning MMNA's assertion that, had it been named in the EEOC Charge, it could have participated in conciliation efforts. R&R at 9–10. Plaintiff seems to argue that this assertion is false. Pl. Obj. at 5. However, this conclusory objection requires only clear error review, which the Court does not find, *Wallace*, 2014 WL 2854631, at *1, and, in any case, Judge Aaron did not find MMNA's assertions determinative on that factor, nor did he find that factor weighed for either party, R&R at 9–10.

Plaintiff then cites *Glus v. Murphy Co.*, 562 F.2d 880 (3d Cir. 1977). Pl. Obj. at 5–9. Plaintiff may be objecting to Judge Aaron's not citing the case in the R&R, and thus not weighing it sufficiently. However, Plaintiff cited this case in the motion to dismiss briefing submitted to Judge Aaron. ECF No. 135 at 5. Arguments reiterated from the briefing before the magistrate judge are reviewed for clear error, and the Court finds none here. *Wallace*, 2014 WL 2854631, at *1. *Glus* is non-binding, inapposite authority, and Judge Aaron properly considered more persuasive authority. R&R at 8–10.

5

      C.      Employer/Employee Relationship

Judge Aaron recommends that in the alternative, the Court should dismiss Plaintiff's claims against MMNA due to a failure to establish an employer/employee relationship between him and MMNA. R&R at 10 n.12, 10–16. Plaintiff first objects that he "gave more factors than Olvera v. Bareburg[er] Grp. LLC and Rebecca Myers v. Garfield & Johnson Enterprises." Pl. Obj. at 9. This vague objection is reviewed for clear error, and the Court finds none. *Wallace*, 2014 WL 2854631, at *1. *Olvera* was brought under the Fair Labor Standards Act ("FLSA"), *see* 73 F. Supp. 3d 201, 204 (S.D.N.Y. 2014), and *Myers* is an Eastern District of Pennsylvania case in which the plaintiff had stated a significant degree of control by the alleged employer over the employees, 679 F. Supp. 2d 598, 609–11 (E.D. Pa. 2010). In the R&R, Judge Aaron properly applied Second Circuit and on-point precedent, weighing the allegations in the amended complaint against the common law factors determining an employer/employee relationship in the employment discrimination context. R&R at 10–17.

Next, Plaintiff objects that, contrary to Judge Aaron's conclusion, he met the common law test for an employer/employee relationship. Pl. Obj. at 9–10. He first contends that MMNA offered employee training, a control factor especially important in the automobile industry. *Id*. However, this reiterates an argument made in the motion to dismiss briefing, ECF No. 134 at 3, and Judge Aaron determined MMNA's training program was insufficient to create an employer/employee relationship, R&R at 13–14. Therefore, this objection is reviewed for clear error, and the Court finds none in Judge Aaron's conclusion. *Wallace*, 2014 WL 2854631, at *1. Plaintiff then argues that more facts are necessary to resolve this issue. Pl. Obj. at 10. This vague objection is reviewed for clear error, and the Court finds none. *Wallace*, 2014 WL 2854631, at *1. Judge Aaron properly considered the allegations in the amended complaint, and

determined they were insufficient to state a claim. R&R at 13–14.

Plaintiff then raises two objections to the R&R's conclusion that MMNA and Victory were not joint employers. First, he states that "fundamental fairness" demands a sharing of liability. This objection is both vague and a new argument that Plaintiff could have, but did not, raise to the magistrate judge, and, therefore, the Court reviews it for clear error, and finds none. *Wallace*, 2014 WL 2854631, at *1; *Razzoli*, 2014 WL 2440771, at *5 (noting that new arguments "cannot properly be raised for the first time in objections to the report and recommendation"). Plaintiff cites no law for this proposition, nor has the Court identified any.

Second, Plaintiff cites to the "existing law for horizontal joint employer liability." Pl. Obj. at 11. He may be objecting to Judge Aaron's failure to apply his cited test. *Id.* However, the test Plaintiff articulates, quoted from 29 C.F.R. § 791.2, applies to horizontal joint employers in the FLSA context. *See New York v. Scalia*, 490 F. Supp. 3d 748, 795–96 (S.D.N.Y. 2020) (declaring subsections of § 791.2 unconstitutional, but severing the subsection on horizontal joint employer liability). Plaintiff reiterates this argument, which he raised to the magistrate judge, ECF No. 134 at 4, and, therefore, the Court reviews the objection for clear error, and finds none. *Wallace*, 2014 WL 2854631, at *1. Section 791.2 applies to FLSA claims, and courts have consistently refused to apply it to Title VII or associated state claims. *See, e.g.*, *U.S. Equal Emp. Opportunity Comm'n v. Glob. Horizons, Inc.*, 915 F.3d 631, 639 (9th Cir. 2019); *Salinas v. Com. Interiors, Inc.*, 848 F.3d 125, 143 (4th Cir. 2017); *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 363 (7th Cir. 2016). Judge Aaron correctly applied the test for Title VII, the ADEA, NYSHRL, and NYCHRL, and there is no clear error in his conclusions. R&R at 14–17.

Accordingly, Plaintiff's objections are OVERRULED.

III.     MMNA's Objection

MMNA objects to Judge Aaron's conclusion that MMNA's payments to Plaintiff via the Diamond Rewards program was "remuneration" sufficient to meet the threshold question of an employer/employee relationship.  R&R at 13; MMNA Opp'n at 5 n.4.  As MMNA concedes, however, this objection reiterates its argument to the magistrate judge.  MMNA Opp'n at 5 n.4. (stating that this argument was "presented and argued in MMNA's underlying motion papers"). Moreover, this objection is untimely.  R&R at 14 (requiring objections be filed in 14 days pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)); MMNA Opp'n. This objection is, therefore, reviewed for clear error, and the Court finds none.  *Wallace*, 2014 WL 2854631, at *1.  *York v. Association of the Bar of the City of New York*, cited in MMNA's brief, is not to the contrary.  286 F.3d 122 (2d Cir. 2002).  *York* discusses "incidental" benefits, defined as benefits that were necessarily incidental to the alleged employer's business purpose, such as networking opportunities provided to an alleged employee being incidental to a bar association's purpose of creating networking events for its members, not as payments that were incidental to an individual's salary.  *Id.* at 126.  Moreover, it was not clear error to conclude that the Diamond Rewards program payments, which Plaintiff alleges were $275 for at least one year, were "substantial" compared to the benefits of "[c]lerical support, limited tax deductions, and 'networking opportunities'" the Second Circuit determined insufficient in *York*.  *Id.* Accordingly, this objection is OVERRULED.

## CONCLUSION

The Court has reviewed the remainder of the R&R for clear error.[4]  For the reasons stated above, the Court ADOPTS the R&R in its entirety, and MMNA's motion to dismiss is

---

[4] To the extent not discussed above, the Court finds no clear error in the unchallenged portions of the R&R.

8

GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 122. The Clerk of Court is further directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: September 24, 2021
 New York, New York

ANALISA TORRES
United States District Judge