UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY B. NELSON,

           Plaintiff,

-against-

DIANE ARGYROPOULOUS, PHILIP ARGYROPOULOUS, CHRIS ORSARIS, ALEX LETTAS, VICTORY AUTO GROUP LLC, SPARTAN AUTO GROUP LLC, VICTORY MITSUBISHI, MITSUBISHI NORTH AMERICA

           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/24/2021_____

18 Civ. 11413 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Anthony Nelson, brings this employment discrimination action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–97, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101–8-131, against Defendants Diane Argyropoulous, Philip Argyropoulous, Chris Orsaris, Alex Lettas, Victory Auto Group LLC, Spartan Auto Group L, and Victory Mitsubishi (the "Victory Defendants"), and Mitsubishi Motors North America. Am. Compl., ECF No. 101-1. On November 13, 2020, the Victory Defendants moved for summary judgment. ECF No. 126. On November 17, 2020, the Court referred the matter to the Honorable Stewart D. Aaron for a report and recommendation. ECF No. 129. Before the Court is his Report and Recommendation (the "R&R"), which recommends that the Court grant in part and deny in part the Victory Defendants' motion for summary judgment. ECF No. 152. Plaintiff filed objections to the R&R. Pl. Obj., ECF No. 155. For the reasons stated below, the Court ADOPTS in part and REJECTS in part the R&R.

## BACKGROUND[1]

In 2015, Plaintiff, a Black man over 40 years old, began working as a certified product specialist, or car salesman, at Victory Mitsubishi ("Victory"), a car dealership in the Bronx owned by Diane and Philip Argyropoulous.  56.1 Stmt. ¶¶ 1, 3, ECF No. 126-3; EEOC Charge, ECF No. 126-8; ECF No. 2 ¶ III.A.; ECF No. 12 ¶ 1.A.  In early 2016, Chris Orsaris began working at Victory, along with his cousin, Alex Lettas, and Orsaris' two sons.  EEOC Charge; ECF No. 143 at 111:16–19, 134:2–4.  The parties dispute Orsaris' precise title and role.  Pl. Opp'n to Summ. J. at 6 ¶¶ 27–31, 11 ¶ 4, ECF No. 143.

Plaintiff says that over a two-year period, Orsaris regularly referred to him as "Uncle Ben" and "Bill Cosby," and, as relevant here, called him an "old guy" once and an "old gangster" once.[2]  Pl. Dep. Tr. at 36:17–24, 161:16–162:9, ECF Nos. 126-5–126-7; ECF No. 126-11 at 12:14–13:3; Pl. Opp'n to Summ. J. at 14 ¶ 26.  He additionally states that "more than once" he was called a "grumpy old [man]" by an unidentified manager and Orsaris' son, Pl. Dep. Tr. at 41:5–42:25, and that one of Orsaris' son posted on Instagram a photograph tagged "Millennialsonly," Pl. Opp'n to Summ. J. at 32.

On September 18, 2017, an employee at Victory struck Plaintiff, after which one of Orsaris' sons told him to go home.  56.1 Stmt. ¶¶ 36–37; Pl. Dep. Tr. at 184:24–185:7, 192:14–17, 207:15–20.  Plaintiff states that while at a nearby gas station, Orsaris pulled up and shouted at him, "[G]o home and get your gun—you're fired."  56.1 Stmt. ¶ 38.  Plaintiff did not

---

[1] The Court presumes familiarity with the facts and procedural history, which are set forth in the R&R, and, therefore, only briefly summarizes them here.  *See* R&R at 2–3.  The facts are drawn from the parties' pleadings and submissions, including the amended complaint, the Rule 56.1 statement of undisputed facts, and Plaintiff's response. Disputed facts are so noted.  Citations to a paragraph in the Rule 56.1 statement also includes Plaintiff's response.
[2] Although Plaintiff does not appear to have testified to the "old gangster" statement, *see, e.g.*, Pl. Dep. Tr. at 40:19–43:7, the Court nevertheless considers it in light of the Court's duty to liberally construe pleadings and briefs submitted by *pro se* litigants, *Idowu v. Middleton*, No. 12 Civ. 1238, 2013 WL 4780042, at *11 n.1 (S.D.N.Y. Aug. 5, 2013).

return to work until approximately one month later, when an individual from Victory called and asked Plaintiff to return. *Id.* ¶ 39. Plaintiff stopped working at Victory on August 28, 2019. *Id.* ¶ 4.

**DISCUSSION**

I.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bur. of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo*

*v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).

II.     Analysis

The R&R recommends that the Court grant the Victory Defendants' motion as to Plaintiff's age-based discrimination claims under the ADEA, the NYSHRL, and the NYCHRL, Plaintiff's retaliation claims, and his claims for wire fraud and identity theft, and deny it as to Plaintiff's race-based discrimination claims. R&R at 18–19. Plaintiff objects to Judge Aaron's determinations on the age-based discrimination and retaliation claims. Pl. Obj.

A.     Age-Based Discrimination

Plaintiff first objects to Judge Aaron's conclusion that he did not establish age-based discriminatory intent, arguing that the epithets "Bill Cosby" and "Uncle Ben" are age- as well as race-based, and that he demonstrated sufficient additional statements to show age-based discrimination. Pl. Obj. at 2–5. These arguments were either made to the magistrate judge, or not raised and could have been, and therefore, the Court considers the objection for clear error. Pl. Opp'n to Summ. J. at 14–15 ¶¶ 26, 28, 32–35, 16 ¶¶ 47–49; *Wallace*, 2014 WL 2854631, at *1.

The Court cannot find clear error in Judge Aaron's conclusion that "Bill Cosby" and "Uncle Ben" are not, on their face, related to age. R&R at 9–10. Plaintiff additionally testified that "there are numerous [age-based] statements or comments," Pl. Dep. Tr. at 38:14–17, that Orsaris called him an "old guy" once, *id.* at 36:19–24, and a "old gangster" once, Pl. Opp'n to Summ. J. at 14 ¶ 26, that he was called a "grumpy old [man] . . . more than once" by individuals other than Orsaris, Pl. Dep. Tr. at 41:5–7, 42:5–6, and that Orsaris' son posted a photograph on Instagram tagged "Millennialsonly," Pl. Opp'n to Summ. J. at 32. However, it was not clear

4

error to determine the described comments were only "stray remark[s] . . . insufficient to support an inference of age discrimination." *Ben-Levy v. Bloomberg L.P.*, No. 11 Civ. 1554, 2012 WL 2477685, at *6 (S.D.N.Y. June 26, 2012), *aff'd*, 518 F. App'x 17 (2d Cir. 2013).  And, under the NYCHRL, "[i]solated incidents of unwelcome verbal and physical conduct have been found to constitute the type of petty slights and trivial inconveniences that are not actionable." *Russo v. N.Y. Presbyterian Hosp.*, 972 F. Supp. 2d 429, 450 (E.D.N.Y. 2013) (quotation marks and citation omitted).  Therefore, summary judgment is appropriate on the age-based NYCHRL claim as well.

Accordingly, Plaintiff's objections as to the age-based discrimination claims are OVERRULED.

B.   Retaliation

Plaintiff next objects to Judge Aaron's determination that his retaliation claim fails.  Pl. Obj. at 5–10.  Judge Aaron concluded that there were material facts in dispute as to whether Plaintiff suffered an adverse employment action in 2017.  R&R at 6–7, 15.  Therefore, Plaintiff's arguments that an adverse employment action did occur are immaterial.  *See* Pl. Obj. at 5–10.[3]

However, Judge Aaron found that Plaintiff had not established any protected activity, R&R at 15–16, a required element for a retaliation claim.  *Cretella v. Liriano*, 633 F. Supp. 2d 54, 74 (S.D.N.Y. 2009), *aff'd*, 370 Fed. App'x 157 (2d Cir. 2010); *Hogan v. Metromail*, 107 F. Supp. 2d 459, 472 (S.D.N.Y. 2000).  Plaintiff contends that his complaining to Orsaris and telling him to stop using the objectionable language qualifies as protected activity.  Pl. Obj. at 5. Plaintiff raised this argument to Judge Aaron, Pl. Opp'n to Summ. J. at 16 ¶ 48, and thus the

---

[3] Plaintiff does not object to the Honorable Stewart D. Aaron's decision not to address Plaintiff's 2019 departure from Victory—though for disputed reasons—as a possible adverse employment action, because the amended complaint and EEOC Charge address only the September 2017 events.  Pl. Obj. at 5–10; R&R at 7 n.6; Am. Compl.; EEOC Charge.

5

Court reviews it for clear error, *Wallace*, 2014 WL 2854631, at *1.

Plaintiff testified that he "asked [] Orsaris to stop calling [him] those names, those things[,]" Pl. Dep. Tr. at 56:12–24, and that he told Orsaris to stop "talking to [him]" in a discriminatory way "[n]umerous times," *id.* at 171:7–9. Telling a superior to stop using discriminatory language is a protected activity. *Gerald v. DCV Holdings, Inc.*, No. 17 Civ. 6525, 2021 WL 2809915, at *11 (E.D.N.Y. July 6, 2021). The Court holds that by complaining to Orsaris, Plaintiff engaged in protected activity, and REJECTS, therefore, that portion of the R&R that concluded that no protected activity occurred.

Nevertheless, Judge Aaron was correct that "Plaintiff has not adduced evidence that any alleged adverse action was *in response to* 'protected activity.'" R&R at 15 (emphasis added). To make a prima facie case of retaliation under federal law and the NYSHRL, a plaintiff must demonstrate that the protected activity was the "but-for" cause of the adverse employment action. *Knight v. Nassau Cty.*, 852 F. App'x 42, 44 (2d Cir. 2021) (Section 1981); *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303–04 (2d Cir. 2021) (ADEA); *Saji v. Nassau Univ. Med. Ctr.*, 724 F. App'x 11, 14 (2d Cir. 2018) (Title VII and NYSHRL). A plaintiff can demonstrate this causality through direct evidence or "indirectly[,]. . . by showing that the protected activity was closely followed in time by the adverse employment action." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (alteration omitted) (quoting *Gorman–Bakos v. Cornell Coop. Extension of Schenectady Cty.*, 252 F.3d 545, 554 (2d Cir. 2001)).

Here, Plaintiff has presented no direct evidence of a connection between the adverse employment action—or, indeed, any of the adverse employment actions he argues occurred— and the protected activity. Pl. Obj. at 5–10. Indeed, Plaintiff testified that Orsaris "didn't care" about his complaints; that, in response he "just smirked. He did not pay attention. He turned his

6

back and walked away[.]" Pl. Dep. Tr. at 171:10–14.  And, because Plaintiff has not set forth a time frame for his complaints, the Court cannot conclude that a close temporal proximity establishes causality.  *Vohra v. Am. Integrated Sec. Grp.*, No. 16 Civ. 5374, 2019 WL 3288899, at *8 (E.D.N.Y. July 22, 2019) (concluding plaintiff had not shown causality where he gave no timeframe for his complaints).

Under the NYCHRL, "summary judgment is appropriate only if the plaintiff cannot show that retaliation played any part in the employer's decision."  *Dodd v. City Univ. of New York*, 489 F. Supp. 3d 219, 269 (S.D.N.Y. 2020) (citation omitted).  Even under this more liberal standard, there is no evidence that the adverse employment action was connected to Plaintiff's complaints to Orsaris.  Therefore, summary judgment on the NYCHRL retaliation claim is proper as well.[4]

## CONCLUSION

The Court has reviewed the remainder of the R&R for clear error.[5]  For the reasons stated above, the Court ADOPTS in part and REJECTS in part the R&R.  Defendants' motion for summary judgment is GRANTED as to Plaintiff's age-based discrimination claims under the ADEA, the NYSHRL, and the NYCHRL, Plaintiff's retaliation claims, and his claims for wire fraud and identity theft, and DENIED as to his race-based discrimination claims.  The Clerk of Court is directed to terminate the motion at ECF No. 126, and to mail a copy of this order to

---

[4] Plaintiff's brief also includes two irrelevant objections.  First, Plaintiff makes an argument pointed at the joint-employer theory, an issue relevant to the motion to dismiss by Mitsubishi Motors North America, but not the Victory Defendants' summary judgment motion.  Pl. Obj. at 10; ECF No. 146.  Because that issue is not before the Court in this R&R, the Court will not consider this argument.  Plaintiff also seems to make allegations of witness tampering or perjury regarding the witness Juan Palanco.  Pl. Obj. at 7–8.  Neither Judge Aaron nor the Court rely on this witness's testimony in the R&R; therefore, the Court does not consider this issue either.  *See Bryant v. Silverman*, No. 15 Civ. 8427, 2019 WL 4194495, at *1 (S.D.N.Y. Sept. 3, 2019); *Watson v. Geithner*, No. 11 Civ. 9527, 2013 WL 5441748, at *7 (S.D.N.Y. Sept. 27, 2013).
[5] To the extent not discussed above, the Court finds no clear error in the unchallenged portions of the R&R.

Plaintiff *pro se*.

SO ORDERED.

Dated: September 24, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge

8